UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


LEESA ANN WARREN,

        Plaintiff,

v.

COMMISSIONER OF
SOCIAL SECURITY,

        Defendant.
_____/

Hon. Ellen S. Carmody

Case No. 1:17-cv-323

# **OPINION**

This is an action pursuant to Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), to review a final decision of the Commissioner of Social Security denying Plaintiff's claim for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) under Titles II and XVI of the Social Security Act. The parties have agreed to proceed in this Court for all further proceedings, including an order of final judgment.

Section 405(g) limits the Court to a review of the administrative record and provides that if the Commissioner's decision is supported by substantial evidence it shall be conclusive. The Commissioner has found that Plaintiff is not disabled within the meaning of the Act. For the reasons stated below, the Court concludes that the Commissioner's decision is not supported by substantial evidence. Accordingly, the Commissioner's decision is **vacated and this matter remanded for further administrative action pursuant to sentence four of 42 U.S.C. § 405(g).**

## STANDARD OF REVIEW

The Court's jurisdiction is confined to a review of the Commissioner's decision and of the record made in the administrative hearing process. *See Willbanks v. Sec'y of Health and Human Services*, 847 F.2d 301, 303 (6th Cir. 1988). The scope of judicial review in a social security case is limited to determining whether the Commissioner applied the proper legal standards in making her decision and whether there exists in the record substantial evidence supporting that decision. *See Brainard v. Sec'y of Health and Human Services*, 889 F.2d 679, 681 (6th Cir. 1989). The Court may not conduct a de novo review of the case, resolve evidentiary conflicts, or decide questions of credibility. *See Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). It is the Commissioner who is charged with finding the facts relevant to an application for disability benefits, and her findings are conclusive provided they are supported by substantial evidence. *See* 42 U.S.C. § 405(g).

Substantial evidence is more than a scintilla, but less than a preponderance. *See Cohen v. Sec'y of Dep't of Health and Human Services*, 964 F.2d 524, 528 (6th Cir. 1992). It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993). In determining the substantiality of the evidence, the Court must consider the evidence on the record as a whole and take into account whatever in the record fairly detracts from its weight. *See Richardson v. Sec'y of Health and Human Services*, 735 F.2d 962, 963 (6th Cir. 1984). As has been widely recognized, the substantial evidence standard presupposes the existence of a zone within which the decision maker can properly rule either way, without judicial interference. *See Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986). This standard affords to

the administrative decision maker considerable latitude, and indicates that a decision supported by substantial evidence will not be reversed simply because the evidence would have supported a contrary decision. *See Bogle*, 998 F.2d at 347; *Mullen*, 800 F.2d at 545.

## PROCEDURAL POSTURE

Plaintiff was 48 years of age on her alleged disability onset date. (PageID.260). She possesses a high school education and worked previously as a cashier, material handler, home health aide, cashier supervisor, and manager trainee. (PageID.66). Plaintiff applied for benefits on February 19, 2015, alleging that she had been disabled since March 2, 2015, due to herniated lumbar discs, depression, right knee pain, incontinence, back pain, right leg numbness and nerve damage, arthritis, torn meniscus in her right knee, anxiety, and degenerative disc disease. (PageID.80, 260-67, 299). Plaintiff's application was denied, after which time she requested a hearing before an Administrative Law Judge (ALJ). (PageID.113-258).

On September 20, 2016, Plaintiff appeared before ALJ Manh Nguyen with testimony being offered by Plaintiff and a vocational expert. (PageID.74-111). In a written decision dated November 9, 2016, the ALJ determined that Plaintiff was not disabled. (PageID.52-68). The Appeals Council declined to review the ALJ's determination, rendering it the Commissioner's final decision in the matter. (PageID.26-31). Plaintiff subsequently initiated this appeal pursuant to 42 U.S.C. § 405(g), seeking judicial review of the ALJ's decision.

## ANALYSIS OF THE ALJ'S DECISION

The social security regulations articulate a five-step sequential process for

evaluating disability. *See* 20 C.F.R. §§ 404.1520(a-f), 416.920(a-f).[1] If the Commissioner can make a dispositive finding at any point in the review, no further finding is required. *See* 20 C.F.R. §§ 404.1520(a), 416.920(a). The regulations also provide that if a claimant suffers from a nonexertional impairment as well as an exertional impairment, both are considered in determining her residual functional capacity. *See* 20 C.F.R. §§ 404.1545, 416.945.

The burden of establishing the right to benefits rests squarely on Plaintiff's shoulders, and she can satisfy her burden by demonstrating that her impairments are so severe that she is unable to perform her previous work, and cannot, considering her age, education, and work experience, perform any other substantial gainful employment existing in significant numbers in the national economy. *See* 42 U.S.C. § 423(d)(2)(A); *Cohen*, 964 F.2d at 528. While the burden of proof shifts to the Commissioner at step five, Plaintiff bears the burden of proof through step four of the procedure, the point at which her residual functioning capacity (RFC) is determined. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); *Walters v. Comm'r of Soc. Sec.*, 127 F.3d

---

[1]  1.  An individual who is working and engaging in substantial gainful activity will not be found to be "disabled" regardless of medical findings (20 C.F.R. §§ 404.1520(b), 416.920(b));

2.  An individual who does not have a "severe impairment" will not be found "disabled" (20 C.F.R. §§ 404.1520(c), 416.920(c));

3.  If an individual is not working and is suffering from a severe impairment which meets the duration requirement and which "meets or equals" a listed impairment in Appendix 1 of Subpart P of Regulations No. 4, a finding of "disabled" will be made without consideration of vocational factors. (20 C.F.R. §§ 404.1520(d), 416.920(d));

4.  If an individual is capable of performing her past relevant work, a finding of "not disabled" must be made (20 C.F.R. §§ 404.1520(e), 416.920(e));

5.  If an individual's impairment is so severe as to preclude the performance of past work, other factors including age, education, past work experience, and residual functional capacity must be considered to determine if other work can be performed (20 C.F.R. §§ 404.1520(f), 416.920(f)).

525, 528 (6th Cir. 1997) (ALJ determines RFC at step four, at which point claimant bears the burden of proof).

The ALJ determined that Plaintiff suffered from: (1) degenerative disc disease of the lumbar spine, status post surgery, with chronic lumbar radiculopathy; (2) degenerative disc disease of the cervical and thoracic spine; (3) bilateral carpal tunnel syndrome, status post left carpal tunnel release surgery; (4) neuropathy; (5) palpitations with atypical chest pain; (6) degenerative joint disease of the right knee; (7) hypertension; (8) obesity; (9) migraine headaches; (10) urinary incontinence; (11) hyperlipidemia; (12) persistent depressive disorder; and (13) panic disorder, severe impairments that whether considered alone or in combination with other impairments, failed to satisfy the requirements of any impairment identified in the Listing of Impairments detailed in 20 C.F.R., Part 404, Subpart P, Appendix 1. (PageID.55-58).

With respect to Plaintiff's residual functional capacity (RFC), the ALJ concluded that Plaintiff retained the ability to perform light work subject to the following limitations: (1) she can lift/carry 20 pounds occasionally and 10 pounds frequently; (2) during an 8-hour workday, she can stand/walk for six hours and sit for six hours; (3) she can never kneel, crawl, or climb ladders, ropes, or scaffolds; (4) she can occasionally balance, stoop, crouch, and climb ramps and stairs; (5) she can frequently reach, handle, and finger with either hand; (6) she must use a cane when walking; (7) she can never tolerate exposure to vibrations; (8) she can never perform commercial driving or work around hazards such as unprotected heights and unguarded, uncovered moving machinery; (9) she can carry out simple instructions and tolerate routine changes in the workplace; (10) she can never work at a production rate that requires hourly quotas; (11) she can occasionally interact with the general public; (12) she can frequently interact with supervisors and coworkers; and (13) she will be 10 percent off task throughout the day for rest room breaks. (PageID.58).

The ALJ found that Plaintiff could not perform her past relevant work at which point the burden of proof shifted to the Commissioner to establish by substantial evidence that a significant number of jobs exist in the national economy which Plaintiff could perform, her limitations notwithstanding. *See Richardson*, 735 F.2d at 964. While the ALJ is not required to question a vocational expert on this issue, "a finding supported by substantial evidence that a claimant has the vocational qualifications to perform <u>specific</u> jobs" is needed to meet the burden. *O'Banner v. Sec'y of Health and Human Services*, 587 F.2d 321, 323 (6th Cir. 1978) (emphasis added). This standard requires more than mere intuition or conjecture by the ALJ that the claimant can perform specific jobs in the national economy. *See Richardson*, 735 F.2d at 964. Accordingly, ALJs routinely question vocational experts in an attempt to determine whether there exist a significant number of jobs which a particular claimant can perform, his limitations notwithstanding. Such was the case here, as the ALJ questioned a vocational expert.

The vocational expert testified that there existed approximately 191,000 jobs in the national economy which an individual with Plaintiff's RFC could perform, such limitations notwithstanding. (PageID.103-09). This represents a significant number of jobs. *See Taskila v. Commissioner of Social Security*, 819 F.3d 902, 905 (6th Cir. 2016). Accordingly, the ALJ concluded that Plaintiff was not entitled to disability benefits.

I.  **The ALJ's RFC Determination is Not Supported by Substantial Evidence**

A claimant's RFC represents the "most [a claimant] can still do despite [her] limitations." *Sullivan v. Commissioner of Social Security*, 595 Fed. Appx. 502, 505 (6th Cir., Dec. 12, 2014); see also, Social Security Ruling 96-8P, 1996 WL 374184 at *1 (Social Security Administration, July 2, 1996) (a claimant's RFC represents his ability to perform "work-related physical and mental activities in a work setting on a regular and continuing basis," defined as "8

hours a day, for 5 days a week, or an equivalent work schedule"). Plaintiff argues that the ALJ's RFC assessment is not supported by substantial evidence. The Court agrees, finding that the ALJ's conclusion that Plaintiff can perform light work (e.g., lift/carry 20 pounds and stand/walk for six hours daily) is not supported by substantial evidence.

On February 27, 2013, Plaintiff participated in an MRI examination of her lumbar spine the results of which revealed "advanced" degenerative changes. (PageID.390-91). The examination also revealed that Plaintiff's back pain was "most likely" caused by "fairly significant scar tissue that has covered [the] area where nerve roots are taking off." (PageID.390-91).

Testing performed on September 17, 2013, revealed "electrodiagnostic evidence of a moderate right L5 radiculopathy. . .characterized by chronic changes. . .[with] intermittent motor denervation changes." (PageID.454). X-rays of Plaintiff's right knee, taken on November 19, 2013, revealed "mild osteoarthritis." (PageID.455).

A January 22, 2015 examination of Plaintiff's right knee revealed "decreased" range of motion, "swelling," and "abnormal meniscus." (PageID.521-23). An MRI of Plaintiff's right knee, performed one week later, revealed "tricompartmental osteoarthritis" and "meniscal pathology." (PageID.524-25). X-rays of Plaintiff's right knee, taken February 16, 2015, revealed a torn meniscus and degenerative joint disease. (PageID.582).

On July 18, 2015, Plaintiff participated in a consultive examination. (PageID. 378-81). The results of the examination were largely unremarkable, but the doctor observed that Plaintiff experienced "mild to moderate difficulty" performing physical maneuvers during the examination due to "pain and body habitus." (PageID.381). On November 7, 2015, Plaintiff participated in an MRI examination of her lumbar spine, the results of which revealed "multilevel degenerative disc and facet changes. . .throughout the lumbar spine." (PageID.655-56).

Treatment notes dated April 1, 2016, indicate that Plaintiff was suffering from a "herniated lumbar intervertebral disc." (PageID.658). On July 25, 2016, Plaintiff participated in an MRI examination of her lumbar spine, the results of which revealed "multilevel degenerative disk disease with moderate central stenosis at L3-4, mild central stenosis at other levels." (PageID.747). An MRI of Plaintiff's cervical spine, performed the same day, revealed "mild-to-moderate" central stenosis. (PageID.747). EMG testing, also performed the same day, revealed "chronic right-sided L5 radiculopathy." (PageID.747).

This evidence is simply inconsistent with the ALJ's RFC assessment. The Court finds, therefore, that the ALJ's RFC assessment is not supported by substantial evidence. Because the vocational expert's testimony was premised upon a faulty RFC determination, the ALJ's reliance thereon does not constitute substantial evidence. *See Cline v. Comm'r of Soc. Sec.*, 96 F.3d 146, 150 (6th Cir. 1996) (while the ALJ may rely upon responses to hypothetical questions posed to a vocational expert, such questions must accurately portray the claimant's impairments).

**II.        Remand is Appropriate**

While the Court finds that the ALJ's decision fails to comply with the relevant legal standards, Plaintiff can be awarded benefits only if "all essential factual issues have been resolved" and "the record adequately establishes [her] entitlement to benefits." *Faucher v. Secretary of Health and Human Serv's*, 17 F.3d 171, 176 (6th Cir. 1994); *see also*, *Brooks v. Commissioner of Social Security*, 531 Fed. Appx. 636, 644 (6th Cir., Aug. 6, 2013). This latter requirement is satisfied "where the proof of disability is overwhelming or where proof of disability is strong and evidence to the contrary is lacking." *Faucher*, 17 F.3d at 176; *see also*, *Brooks*, 531 Fed. Appx. at 644.

Evaluation of Plaintiff's claim requires the resolution of factual disputes which this

Court is neither competent nor authorized to undertake in the first instance. Moreover, while there does not exist compelling evidence that Plaintiff is disabled, the Court notes that if Plaintiff were limited to sedentary work, she may very well be disabled pursuant to the Medical-Vocational Guidelines (aka the Grids). (PageID.110). Accordingly, this matter must be remanded for further administrative action.

## **CONCLUSION**

For the reasons articulated herein, the Court concludes that the ALJ's decision is not supported by substantial evidence. Accordingly, the Commissioner's decision is **vacated and this matter remanded for further administrative action pursuant to sentence four of 42 U.S.C. § 405(g).** A judgment consistent with this opinion will enter.

Date: May 8, 2018                    /s/ Ellen. S. Carmody  
                                                     ELLEN S. CARMODY  
                                                     U.S. Magistrate Judge